Richard Johnston – SBN 124524
Johnston Law Office
131A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 939-5299
Richard.Johnston@Johnston-Law-Office.com

*Attorney for Plaintiff*
*Udit Gupta*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Udit Gupta,<br><br>    Plaintiff,<br><br>vs.<br><br>Intel Short-Term Disability Plan; Intel California Voluntary Short-Term Disability Plan; Intel Long-Term Disability Plan; Intel Benefits Administrative Committee; Reed Group, LLC,<br><br>    DEFENDANTS. | CASE NO.<br><br>COMPLAINT |

Plaintiff Udit Gupta submits this complaint and alleges:

### Jurisdiction and Venue

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 USC § 1001 et seq. (ERISA) and more particularly 29 USC §§ 1132(a)(1)(B), 1132(a)(3), and 1132(g). This court has jurisdiction in this matter under 29 USC § 1132(e) and 28 USC § 1367(a). At relevant times, Mr. Gupta resided in San Jose, California; the defendants could be found in this district; and certain of defendants' obligations, which obligations defendants failed and refused to perform as herein alleged, were due within this district.

2. Mr. Gupta, an employee of Intel Corporation, became disabled and pursued claims for disability benefits under Intel's various disability-benefit plans. The defendants, however, failed to provide contractually required benefits for his disability, and breached their respective fiduciary duties to Mr.

1
*Complaint*

Gupta by failing to provide an adequate explanation for the denial of his short-term disability claim and appeal, and in failing and refusing to provide required documentation for, and to process or even acknowledge, his claim for long-term disability benefits.

## Factual Background

### Mr. Gupta works for Intel Corporation and is a participant in Intel's employee benefit plans providing protection against disability

3. Mr. Gupta, an employee of Intel Corporation, was and is a qualified participant in and beneficiary of at least three Intel employee benefit plans as defined by 29 USC § 1002(3) ( referred to herein as "STD Plan," "California Plan," and "LTD Plan"), all of which are named defendants in this action.

4. STD Plan and California Plan worked in concert to provide short-term disability benefits. STD Plan's official name is Intel Short-Term Disability Plan. STD Plan promised, among other things, benefits to eligible employees, including Mr. Gupta, in case of disability. STD Plan, by its terms, provided benefits that would "approximate your weekly earnings while on leave" for up to 52 weeks.

5. California Plan's official name is Intel California Short-Term Disability Plan. It provided benefits to disabled employees of up to 70% of their covered earnings up to California's maximum workers' compensation temporary-disability weekly benefit amount in effect at the commencement of disability. STD Plan and California Plan coordinated benefits; California Plan benefits "will run concurrent with any time off and benefits you may be eligible for under any applicable Intel benefit plan, including Intel Short-Term Disability" (cleaned up), and California Plan "benefits combined with Intel disability programs are intended to approximate your regular earnings" (cleaned up). Intel told its employees that "To provide you with access to Intel's overall STD benefits intended to approximate your regular pay, California employees are eligible for coverage through both Intel's STD plan and the [California Plan]."

6. LTD Plan's official name is Intel Long-Term Disability Plan. LTD Plan promised to pay long-term disability (LTD) benefits to eligible employees, including Mr. Gupta. LTD Plan imposed an "Elimination Period" before benefits were payable: a participant had to be "continuously disabled for the greater of the maximum benefit of any Intel-sponsored short-term disability plan, or 52 weeks (Elimination Period)."

Nowhere did LTD Plan require that STD benefits actually be received by the claimant as a prerequisite to eligibility for LTD Plan benefits.

7. Defendant Intel Benefits Administrative Committee ("Intel Committee") was designated plan administrator for all three named defendant benefit plans, and as to all three was a fiduciary as defined by 29 USC § 1002(21)(A).

8. Defendant Reed Group, LLC is a corporation duly organized and existing under the laws of Colorado; is transacting business as a third-party claims administrator; is claims administrator under the Intel disability-benefit plans named as defendants herein; and as to each defendant plan was a fiduciary as defined by 29 USC § 1002(21)(A).

### Mr. Gupta suffers from a range of conditions, rendering him disabled under the terms of Intel's disability benefit plans

9. Prior to becoming disabled, Mr. Gupta was a notably successful cloud software development engineer for Intel. Starting in February 2022, however, Mr. Gupta was compelled to stop working due to a constellation of medical issues including such things as anxiety disorder, mood disorder, unspecified mood disorder, unspecified affective disorder, attention deficit hyperactivity disorder, and cognitive disorder, all related to known physiological conditions; and gastrointestinal disorder, sleep disorder, dysautonomia, and vestibular dysfunction. Because of these conditions, he became unable to perform his occupational duties, which required among other things extended and consistent concentration and focus and the ability to perform sophisticated cognitive and intellectual tasks, reasoning and analysis. Mr. Gupta's condition rendered him disabled and eligible for benefits according to the terms of all three disability-benefit plans described in paragraphs 4–6 above.

### Reed Group approves short-term benefits for a time, but improperly denies them after that

10. Owing to his disability, Mr. Gupta timely submitted to Reed Group, in accordance with designated plan procedures, a claim for STD benefits. Among the materials Reed Group received substantiating Mr. Gupta's claim were:

- Forms and records from John Faber, M.D., Mr. Gupta's psychiatrist, confirming his diagnoses and the disabling impact of his condition, including among other things decreased ability to concentrate and ability to perform at work; and "severe" impairment of his abilities to complete a task in a designated period of time without interruption from psychologically based symptoms, to perform complex tasks on a sustained basis, or to perform his regular job functions.

- Forms and records from NorCal Brain Center, confirming objective physical findings such as increased hiBeta on quantitative electroencephalogram, increased latency in horizontal saccades, and nystagmus indicative of vestibular impairment; and "severe" impairment of ability to maintain concentration for extended periods of time, to complete a task in a designated period of time without interruption from psychologically based symptoms, or to perform regular job functions.

- Forms and records from Five Seasons Functional Medicine, confirming a diagnosis of dysautonomia—nervous system disorder; and noting such disabling symptoms as lack of sleep, increased anxiety, and cramping.

11. On October 5, 2022, Intel, based on an analysis conducted by Reed Group, approved STD benefits, but only through September 30, 2022—and improperly denied the balance of Mr. Gupta's claim. In explaining its denial of benefits, Intel conveyed only the conclusions that "Reed Group has not received sufficient medical documentation to support that you are unable to perform your regular job duties for the denied dates listed above"; "The information received from your treating provider is not sufficient to demonstrate that you meet the definition of disability under the Intel STD Plan"; "There is no supportive medical evidence to support functional limitations and inability to work from 10/1/22 and beyond"; and "Reed Group has not received medical documentation from your health care provider containing sufficient information to support that you are disabled and unable to work in any capacity from 10/1/22 going forward." Intel provided no explanation for any of these conclusions.

12. The Intel-Reed Group denial letter's only explanation of how Mr. Gupta could perfect his claim on administrative appeal was, in its entirety: "If you choose to file an appeal of this denial under the Intel

4

STD Plan, you must include information demonstrating that you meet the requirements to receive benefits under the STD Plan, such as: Medical information that indicates you are disabled and unable to perform your job from 10/01/2022 through 11/01/2022. Examples include: recent and complete Attending Physician Statement, office visit notes, treatment plans, diagnostic test results that contain diagnoses and demonstrate you are unable to perform your job." No further information about how to perfect the claim was provided, and no particular types of tests or measures that would satisfy Intel/Reed group were described.

### *Mr. Gupta appeals the STD denial, but Reed Group and Intel uphold their invalid decision to terminate STD benefits in September 2022*

13. On October 14, 2022, Mr. Gupta submitted a timely internal administrative appeal of the STD denial, using Intel's prescribed form for that purpose. Among other things his appeal asserted:

- The denial letter had stated that the most recent office notes in the claim file were from August 22, 2022, but Reed Group had confirmed that they had additional records from after that time;

- Although Reed Group had acknowledged only a diagnosis of mood disorder, the medical documentation "clearly highlights multiple different diagnosis for different conditions. Even Dr. Faber have mentioned in Notes 'Mood Disorder' as primary diagnosis only, it doesn't mean that's the only diagnosis if notes are reviewed carefully. There are other severe conditions, like insomnia and Attention/Nervous Disorders issues but he believes primary root cause is inside brain controlling mood centers based on SPECT Scans, hence the diagnosis";

- Intel had maintained there had been "no documentation received from other two doctors after 8/2/2022 from Norcal Brain and after 4/6/2022 from Five Season Functional Medicine," and Mr. Gupta provided a wealth of additional and more recent documentation from those providers, all substantiating his disability; and

- Intel's description of his occupational duties as being limited only to physical "light work demands" was inaccurate; at Intel, his position "is considered different and is analogous to Senior SW Engineer position. The Post is highly respected and one of the most demanding and challenging

jobs within Intel and in fact team have been in news recently and consistently for amazing out of box work supporting Google cloud backbone."

14. Reed Group farmed out Mr. Gupta's appeal to two physician consultants in its employ. On November 28, 2022, Fariha Qadir, M.D., a psychiatrist, issued a report opining that Mr. Gupta's records disclosed: "no functional impairments identified from 10/01/2022 to present from a psychiatric perspective" and "no documented supportive medical evidence to support functional limitations and the inability to work." Dr. Qadit also asserted, imposing requirements that appeared nowhere in any Plan document, that Mr. Gupta was not impaired because of: a percevied absence of "indication that the claimant is actively or acutely suicidal, homicidal, psychotic, manic, aggressive, lethargic, or noted to have significant abnormalities of psychomotor activity on exam"; a perceived absence of "significant evidence of altered sensorium, quantified cognitive dysfunction, or loss of global functionality": and "memory, concentration, and other cognitive abilities are not demonstrated on formal mental status exam to be impaired."

15. Also on November 28, 2022, Steven Paul Winkel, M.D., an occupational medicine physician, issued his report, opining variously that "medical records do not document evidence to support dysautonomia including tilt table test and abnormal orthostatic signs"; that "records do not include any imaging studies including CT scan or MRIs of the brain to evaluate for acoustic neuroma, pituitary adenoma, or other lesions such as involving the frontal lobe"; and that "it is my determination that the available medical records do not document sufficient evidence to support physical functional impairment from an occupational medicine perspective from 10/01/2022 to present."

16. Neither Dr. Qadir or Dr. Winkel ever examined, spoke with, or met Mr. Gupta. Each captive consultant stated he deferred to the other in their respective realms of expertise: Dr. Qadir declined to opine as to physical function, as did Dr. Winkel with respect to psychological function. Therefore no consultant ever considered the totality of Mr. Gupta's condition as a whole.

17. On December 2, 2022, Reed group sent to Mr. Gupta copies of the Qadir and Winkel reports, requiring that he advise within a week whether any response to the reports would be forthcoming, and that any response itself be submitted within 30 days.

18. Reed Group then received, among other things, the following responsive materials substantiating Mr. Gupta's disability and supporting his appeal, and amply addressing the concerns conveyed in the Qadir and Winkel reports:

- A December 5, 2022 letter from Five Seasons medical provider Courtney Jonson, LAC, CGP, in which she confirmed that Mr. Gupta was suffering from debilitating anxiety that presented with rapid breathing, elevated heart rate and difficulty concentrating, and described confirmatory clinical findings.

- A December 10, 2022 Attending Doctor's Report from Dr. Tran of NorCal Brain Center, confirming among other things that objective testing involving "lying down to tilting to 70 degrees," had demonstrated that Mr. Gupta "is positive for orthostatic tachycardia syndrome (COTS)"; that a cognitive assessment confirmed Mr. Gupta's "difficulties with short term memory, working memory, episodic memory, mental rotation, planning, verbal reasoning, and attention"; and that a number of other objective clinical tests had demonstrated such things as dysregulation in bilateral frontal, temporal, parietal and occipital lobes, "presence of a serious balance-impairing condition," "significant central vestibular dysfunction," and multiple neurological fundings indicating dysfunction in different parts of his brain and body."

- A December 21, 2022 letter treating psychiatrist Dr. Faber, among other things conveying the results of a "Total Brain test" that demonstrated "marked deficiencies in several areas including Stress Control, Anxiety Control, Depressive Mood Control, Conscious Negativity bias, and Resilience"; and advising that Mr. Gupta was suffering from "more frequent panic attacks," that his "concentration becomes markedly impaired," that he "continues to have struggle staying on tack and completing projects."

- Numerous other medical records consisting of objective clinical and imaging studies, all substantiating Mr. Gupta's conditions, symptoms, and disability. Included among these was the results of a tilt-table test, the omission of which had been noted by Dr. Winkel as supportive of his opinion regarding Mr. Gupta's impairments.

19. On January 30, 2023, Reed Group issued a letter addressed to Mr. Gupta in which it improperly and unlawfully denied his internal administrative appeal, upholding the denial of STD benefits and invoking what it termed "independent physician reviews" conducted by Drs. Qadit and Winkel.

20. The appeal-denial letter quoted from the same reports Reed Group had previously disclosed. It also acknowledged the supporting materials Mr. Gupta had submitted in response to those reports, but failed to explain the reasoning for disagreeing with them. For example, it quoted from an "addendum" it said Dr. Qadit had generated, in which he apparently selectively summarized a few medical records, and recited some of the verbiage in the Tran and Faber letters, before concluding summarily that his "impairment conclusion does not change" and that the "psychiatric diagnosis and subjective symptoms alone are not sufficient to support a rationale for modification in usual occupation activities," and inaccurately citing a perceived lack of "corroborating evidence of functional loss and clinical correlating symptoms for any alleged impairments." Similarly Dr. Winkel, according to the appeal-denial letter, had reviewed the responsive materials and concluded that "the totality of evidence documented in the available addendum medical records does not support modifications to my original report," noting variously—again imposing requirements nowhere to be found in any plan document—that Mr. Gupta "has not required emergency room evaluations, hospitalizations, or intensive outpatient therapy for his mental health issues." The appeal-denial letter also quoted Dr. Winkel as stating he was deferring "determination of significant cognitive issues to neuropsychology, as this is not my specialty."

*Mr. Gupta attempts to initiate a claim for long-term disability benefits, but Intel and Reed Group ignore his request for pertinent information and requisite forms*

21. On August 11, 2023, after the 52-week Elimination Period imposed by LTD Plan had lapsed, Mr. Gupta's counsel wrote to Reed Group, requesting that it "immediately provide all claim forms and associated documentation so that [Mr. Gupta] can initiate a claim for long-term disability benefits under the Intel Long-Term Disability Plan." Counsel's letter advised that "Mr. Gupta previously requested that you provide him with the necessary forms to initiate an LTD claim, only to be told that he was not allowed to do so because STD benefits had been terminated. He never received the necessary forms—only this refusal to accept any LTD claim from him at all."

22. Counsel's August 11 letter also noted that Intel's summary plan description "provides with respect to LTD benefits, at section 14.7.6, that 'If you are currently receiving STD benefits, Reed Group will mail you a packet around day 240 after your disability began. You may also request a packet directly from Reed Group.' Mr. Gupta did 'request a packet directly from Reed Group,' to no avail."

23. Counsel's letter further advised that "the termination of STD benefits—regardless of whether that termination was proper—is not a proper basis to refuse to provide LTD claim materials or to refuse to even consider an LTD claim. The Benefits Handbook, at section 14.7.4, does impose an Elimination Period of 'the greater of the maximum benefit of any Intel-sponsored short-term disability plan, or 52 weeks.' That, however, is merely a timing provision establishing the length of the Elimination Period (it simply borrows from STD plan provisions to determine the Elimination Period's duration), and in no sense conditions the ability to even submit an LTD claim on the actual receipt of maximum STD benefits."

24. Counsel's letter concluded "That point is conclusively established by section 14.7.5 of the Benefits Handbook, which provides in pertinent part that 'STD determinations, whether favorable or unfavorable, are not binding on the Intel LTD Plan.' If the outcome of the STD claim isn't 'binding,' then it cannot provide a predicate to refuse consider an LTD claim at the threshold. [¶] So, I request on Mr. Gupta's behalf that the LTD 'packet' described in section 14.7.6 of the Benefits Handbook be provided to him forthwith, and that his ensuing LTD claim be accepted and processed upon receipt."

25. Counsel also provided a copy of the August 11 letter, the same day, to Intel's Benefits Counsel, the designated point of contact for Mr. Gupta's communications with Intel regarding his disability claims.

26. Neither Reed Group nor Intel ever responded to the August 11 letter, and never provided requisite documentation or forms so that Mr. Gupta could pursue benefits under LTD plan.

### Mr. Gupta has exhausted his administrative remedies

27. Mr. Gupta has exhausted all administrative remedies under all named defendants benefit plans, to no avail, inasmuch as defendants have persisted in their wrongful conduct.

**First Claim for Relief
against STD Plan and California plan
to recover benefits due under an ERISA plan
pursuant to 29 USC § 1132(a)(1)(B)
and
attorney fees and costs pursuant to 29 USC §1132(g)**

28. Mr. Gupta refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this claim for relief.

29. As a direct and proximate result of the improper acts and/or omissions herein alleged, Mr. Gupta has had STD benefits wrongfully denied and withheld under both STD Plan and California Plan, in violation of plan terms.

30. As a direct and proximate result of the improper acts and/or omissions herein alleged, Mr. Gupta has been compelled to incur reasonable attorney fees and other costs associated with the investigation of this claim and the prosecution of this action.

**Second Claim for Relief
against Intel Committee and Reed Group
for breach of trust and breach of fiduciary duty
pursuant to 29 USC § 1132(a)(3)
and
attorney fees and costs pursuant to 29 USC §1132(g)**

31. Mr. Gupta refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this claim for relief.

32. Intel Committee and Reed group were fiduciaries, as defined in 29 USC § 1002(21), with respect to STD Plan, California Plan, and LTD Plan.

33. In their fiduciary capacities, Intel Committee and Reed Group were subject to certain fiduciary duties, among them that they discharge their duties:

- for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan;
- with the care, skill and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
- in accordance with the documents and instruments governing the Plan; and
- in accordance with the law.

34. Intel Committee and Reed Group, by virtue of the conduct alleged above, engaged in blatantly

unfair conduct, in breach of their fiduciary duties and the terms of STD Plan, California Plan, and LTD Plan; and in violation of the law. By virtue of this conduct, Intel Committee and Reed Group have failed to discharge their duties: for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan; with the care, skill and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; in accordance with the documents and instruments governing the Plan; or in compliance with the law.

35. As a consequence of these breaches of fiduciary duties and of the terms of the respective plans, Mr. Gupta is entitled to seek, and seeks hereby, equitable relief, as described below.

36. As a direct and proximate result of the improper acts and/or omissions herein alleged, Mr. Gupta has been compelled to incur reasonable attorney fees and other costs associated with the investigation of this claim and the prosecution of this action.

WHEREFORE, Mr. Gupta prays for judgment as follows:

AS TO THE FIRST CLAIM FOR RELIEF:

1. An award of all benefits wrongfully withheld, with pre-judgment and post-judgment interest thereon;

2. An award of attorney fees and costs of suit as authorized by statute;

3. For such other and further relief as the court may deem proper.

AS TO THE SECOND CLAIM FOR RELIEF:

1. An equitable surcharge imposed on Intel Committee and Reed Group, in an amount sufficient to rectify the harm caused by defendants' conduct and to restore him to a position as if the subject breaches had not occurred, with pre-judgment and post-judgment interest thereon, and injunctive relief requiring that Mr. Gupta's LTD claim be processed and paid forthwith;

2. An award of attorney fees and costs of suit as authorized by statute; and

3. For such other and further relief as the court may deem proper.

Dated: January 27, 2025

                                                                 s/Richard Johnston
                                                                 Richard Johnston
                                                                  *Attorney for Plaintiff*
                                                                  *Udit Gupta*